DECEMBER, 1822.

### Dinsmore *against* Austill, Administrator.

*JEREMIAH AUSTILL*, administrator of *David Files*, declared in debt against *Silas Dinsmore*, on a note under seal, dated 20th day of *January* 1816, for $2357$\frac{05}{100}$, payable to *C. Stump* one day after date, and assigned to his intestate. The damages were laid at one hundred dollars. There was no profert of the note, or of the letters of administration. *Dinsmore* plead *nil debit, on which issue was joined.*

> 1, After judgment by nil dicit, advantage cannot be taken of omission of profert. 2d, Judgment for interest from a day mentioned is sufficiently certain. 3d, Judgment for more than declaration claims is Error.

The Record of the Circuit Court shews, that on the 30th day of *October* 1821, *Dinsmore* withdrew his plea; and it was thereupon " considered that the said plaintiff do recover " against the said defendant, the sum of two thousand three " hundred and fifty-seven dollars and five cents for his debt " aforesaid, together with the interest from the 17th day of " *January*, eighteen hundred and sixteen, for his damages " aforesaid," &c. *Dinsmore* prosecuted a writ of Error to this Court. The material points in the assignments of Errors appear in the

### Opinion of the Court delivered by Judge *Crenshaw.*

As to the omission of profert of the writing obligatory, and of the letters of administration, the defendant in the Court below, after having pleaded, withdrew his plea, and suffered judgment to pass by nil dicit, and has thereby waived any advantage which he might have claimed from the omission. There is no question but the objection would have been good on special demurrer; and it is equally clear that the defendant may, if he thinks proper, dispense with the profert of the writing declared on, and of the plaintiff's authority to sue; and by his plea to the merits, admit both.— Interest accruing by operation of law has ever been considered in the nature of damages. The interest expressed in the judgment must therefore be considered the same as damages. The rate of interest on the debt is fixed by law. The Record shews the day from which the interest is to be calculated, and the day when the judgment was rendered. The law directs that the interest shall be computed up to the time of judgment. That is considered as certain which may be made so by proper reference. By reference to the law and to the date of the judgment, the amount of the interest can be ascertained with certainty.

But the judgment is for a greater amount than is claimed in the declaration. The judgment is for interest from the 17th day of *January*, 1816. From the declaration it ap-

DECEMBER, 1822.

Dinsmore
v.
Austill, Admr.

pears that the debt was not due until the 21st day of *January* 1816. For this Error the judgment must be reversed, and the cause remanded. In this opinion the Court are unanimous.

*Gaines* and *Lyon* for Plaintiff.

*Patton* for Defendant in Error.